UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA STRUBEL, individually
and as the Personal Representative
of the Estate of BERNARD STRUBEL,

    Plaintiff,

vs.                                                    Case No.: 8:09-cv-01858-T-17-TBM

HARTFORD INSURANCE COMPANY
OF THE MIDWEST

    Defendant.

_____/

## ORDERS ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

The first cause comes before the Court on Plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), (Dkt. 16), filed December 4, 2009, and Defendant's response thereto, (Dkt. 25), filed January 15, 2010. For the reasons set forth below, Plaintiff's motion is denied.

The second cause comes before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, filed on September 11, 2009. (Dkt. 4). Plaintiff responded in opposition on September 11, 2009. (Dkt. 5). For the reasons set forth below, Defendant's motion is granted.

For simplicity and to avoid confusion, each cause will be addressed separately and in turn in the Procedural History and Discussion sections.

## FACTS

Plaintiff, Rita Strubel, individually, and as the Personal Representative of the Estate of Bernard Strubel, is a resident of the state of Florida. Defendant, Hartford Insurance Company, is a foreign corporation licensed to conduct business in the State of Florida. Plaintiff owned and resided at 11607 Foxworth Lane, New Port Richey, Pasco County, Florida 34654. Defendant issued Plaintiff a Homeowners Insurance Policy, Policy No. 55RBB572244 ("Policy"). The Policy was in effect when sinkhole activity damaged Plaintiff's residence, the insured property ("Property"). Plaintiff reported this damage to Defendant and subsequently received $5,838.30 for the cosmetic damage.

Both parties hired separate engineering firms to conduct an investigation of the property damage. Defendant's estimates varied from $74,220.00 to $80,920.00 for grout injection. Plaintiff's estimates varied from $128,925.00 to $138, 375.00 for grout injection and the insertion of pin poles beneath the interior and exterior walls.

Count I of Plaintiff's complaint alleges a breach of contract. (Dkt. 3 ¶ 30). Count II of Plaintiff's complaint requests declaratory action. (Dkt. 3 ¶ 43). This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## PROCEDURAL POSTURE

Plaintiff filed its complaint on September 11, 2009. Defendant responded with a Motion to Dismiss Count II of plaintiff's complaint on September 11, 2009. Subsequently, Plaintiff filed a Motion for Judgment on the Pleadings as to Count I on December 4, 2009, Defendant responded in opposition on January 15, 2010.

Defendant filed a Motion to Dismiss Count II of Plaintiff's Complaint on September 11, 2009. Plaintiff responded in opposition on September 11, 2009.

## STANDARD OF REVIEW

### A. Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *Fed. R. Civ. P. 12(c)*. Judgment on the pleadings is appropriate where, based on the pleadings, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (citing *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court must accept the allegations in the complaint as true and view them in the light most favorable to the non-moving party. See *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998).

### B. Motion to Dismiss Count II of the Complaint

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff. *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. *Fed. R. Civ. P. 10(c)*; *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegation in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## DISCUSSION

### A. Motion for Judgment on the Pleadings

Judgment on the pleadings is appropriate where, based on the pleadings, there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Scott*, 405 F.3d at 1253. Count I of Plaintiff's complaint alleges that Defendant breached its contract of insurance. (Dkt. 3 ¶ 30). Specifically, Plaintiff alleges that Defendant has failed and refused to provide full coverage and pay the full amount of cosmetic damages to the Property as a result of

sinkhole activity under the Policy. (Dkt. 3 ¶ 30). Defendant filed a Motion to Dismiss with respect to Count II of Plaintiff's complaint.

In its Motion for Judgment on the Pleadings, Plaintiff argues Defendant did not deny the allegations made by Plaintiff. (Dkt. 16 ¶ 9). While Defendant has not denied Plaintiff's allegations, Defendant's time to respond to Plaintiff's Complaint should not be tolled in accordance with Federal Rule of Civil Procedure 12(a)(4) as to the count involved in the Motion. It states:

> (4) *Effect of Motion*. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action; or
> (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 10 days after the more definite statement is served.

So this Court finds that Defendant's Motion to Dismiss does not toll its obligation to file an Answer to Count I as that Count was not included in the Motion. However, considering the posture of this case and in the interests of justice herein, the Court is going to *nunc pro tunc* and *sua sponte* grant the Defendant an extension of time to answer Count I. There is a genuine issue of material fact contained in the parties' respective Motions and Pleadings. Accordingly, judgment as a matter of law is inappropriate.

B. **Motion to Dismiss Count II of the Complaint**

As a threshold matter, Count II should be read as purporting to assert a claim for declaratory relief based on 28 U.S.C. § 2201—not on Florida Statute §§ 86.01 to 86.15. Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights. *Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1335 n. 1 (S.D. Fla.

2008) (construing claim based on Florida's Declaratory Judgment Act as arising under 28 U.S.C. § 2201). Florida's procedural rules are inapplicable because this is a diversity case. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, Count II will be construed as purporting to state a claim for relief pursuant to 28 U.S.C. § 2201.

Claims under 28 U.S.C. § 2201 must be definite and concrete, and "admi[t] of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). At a minimum, such claims must be supported by allegations from which a continuing and substantial controversy may reasonably be inferred. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999).

The Court finds that Count II fails to allege any real or immediate controversy and that Count II is otherwise superfluous in light of Count I. The "gravamen of the complaint" is that Defendant breached its contract of insurance by failing to pay for all of the Plaintiff's covered loss under the Policy—not that the contract is ambiguous or that the parties are uncertain as to their rights. The issue here, is the amount, if any, of damages that Defendant owes to Plaintiff for damage to the Property. In the absence, then, of any real and immediate controversy apart from what is already alleged in Count I, Defendant's Motion to Dismiss Count II will be granted. Accordingly, it is:

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**, and the Defendant has ten (10) days to file an answer to Count I of the Complaint.

**ORDERED** that Defendant's Motion to Dismiss Count II be **GRANTED** and that Count be dismissed from this cause of action.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 26th of February, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record.