UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA STRUBEL individual and as the )
Person Representative of the )
Estate of BERNARD STRUBEL, )
)
Plaintiff, )
)
v. )  Civil No.:   8:09-cv-01858-T-17-TBM
)
HARTFORD INSURANCE COMPANY )
OF THE MIDWEST )
)
Defendants. )
)

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO LEAVE FILE AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR REMAND AND MEMORANDUM OF LAW

This cause is before the Court on Plaintiff's, RITA STRUBEL, Motion for Reconsideration of Order on Motion to Leave File Amended Complaint, or in the Alternative, Motion for Remand and Memorandum of Law (Doc. 84), filed on June 25, 2010, and Defendant's, HARTFORD INSURANCE COMPANY OF THE MIDWEST, Response to Plaintiff's Motion for Reconsideration of Order on Motion for Leave to File Amended Complaint, or in the Alternative, Motion for Remand and Supporting Memorandum of Law (Doc. 86), filed on July 6, 2010. After carefully considering the motions and applicable law, the Plaintiff's Motion is **DENIED** for the reasons set forth below.

1

## BACKGROUND AND PROCEDURAL HISTORY

On or about July 29, 2009, Rita Strubel, individually and as the Personal Representative of the Estate of Bernard Strubel served a complaint on Hartford Insurance Company of the Midwest, in state court, alleging Breach of Contract (Count I) and Declaratory Action (Count II). (Doc. 3). Count I included only cosmetic damages and Count II include subsurface as well as cosmetic damages. (Doc. 3). On September 11, 2009, this matter was removed to United States District Court for the Middle District of Florida. (Doc. 1). In addition, on September 11, 2009, Hartford served a Motion to Dismiss Count II of Plaintiff's Complaint and Strubel objected. (Doc. 4,5).

On December 4, 2009, Strubel filed an Unopposed Motion for Extension of Time to Comply with Trial Deadlines, (Doc. 14), that was granted on December 7, 2009. (Doc. 17). The order granting the Motion for Extension of Time required that any amendments to the Complaint be filed within ten days of the Court's ruling on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. (Doc. 17).

On February 26, 2010, the Court entered an order granting the Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, thereby making the deadline to amend the Complaint March 8, 2010. (Doc. 50). On March 24, 2010, the Plaintiff filed a Motion for Leave to File Amended Complaint and Memorandum of Law, under Fed. R. Civ. P. 15. (Doc. 57). On June 18, 2010, the Court entered an order denying Plaintiff's Motion for Leave to File Amended Complaint, as Stubel failed to meet the deadline by sixteen (16) days, and did not address Fed. R. Civ. P. 16(b)'s good cause requirement. (Doc. 82).

On June 25, 2010, Plaintiff filed the Motion for Reconsideration of the Order on Motion for Leave to File Amended Complaint, or in the Alternative Remand to State Court. (Doc. 84). The Plaintiff alleges that she had excusable neglect for her failure to file her Motion for Leave to File amended Complaint prior to the deadline established by the Court. (Doc. 84). Finally, on July 6, 2010, the defense filed their response to the Plaintiff's Motion for Reconsideration alleging that the Plaintiff's have improperly applied the wrong Federal Rule of Civil Procedure and in the alternative should be applying Fed. R. Civ. P. 16(b). (Doc. 86). In addition, the defense argues that once diversity jurisdiction has attached in a removed case, it cannot subsequently be attacked if the amount in controversy is reduced below the jurisdictional requirement; and, therefore, removal to state court at this juncture would be improper. (Doc. 86).

## STANDARD OF REVIEW

The proper standard of review for the Court when considering a motion to reconsider is set forth in *Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415 (M.D. Fla. 1996). The Court in *Prudential* held that "[a] Court will not alter a prior decision absent a showing of clear and obvious error where 'the interest of justice' demand[s] correction." *Id.* (quoting *American Home Insurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Furthermore, the Court held that motions for reconsideration "should not be used to raise arguments which could, and should, have been [previously] made." *Prudential*, 919 F. Supp. at 417.

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). This Court has recognized three (3) grounds justifying reconsideration of an order: (1) an intervening

3

change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration of a previous order is an extraordinary measure and should be applied sparingly in the interests of finality and conservation of scarce judicial resources. *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522 (E.D. Pa. 1992)).

## DISCUSSION

### Motion for Reconsideration

As previously stated, there are three grounds justifying reconsideration of an order under Fed. R. Civ. Pro. 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. The Plaintiff does not allege an intervening change in controlling law or the availability of new evidence. Therefore the Plaintiff must be alleging that the Order denying Plaintiff's Motion for Leave to Amend Complaint falls under the third ground, the need to correct clear error or manifest injustice.

"Motions for rehearing 'should not be used "to raise arguments which could, and should, have been made"' earlier." *Prudential*, 919 F. Supp. at 417. Denial of a motion for reconsideration is proper "where the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Id.* Plaintiff has not articulated a manifest injustice and instead asks the Court to assess an issue that should have been raised previously.

Plaintiff is arguing that the missing of the deadline for amending her complaint is merely excusable neglect, and, therefore, the order should be overturned. As excusable neglect is not the standard under Fed. R. Civ. Pro. 59(e), Plaintiff has not set forth facts or law of a strongly convincing nature to induce the Court to reverse its order denying Plaintiff's Motion for Leave to Amend Complaint.

## Motion to Remand

Once federal jurisdiction has been vested, it will not be destroyed by a later reduction below the jurisdictional limits of the amount in controversy. "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283 (1937). The Supreme Court in *St. Paul* stated:

> Of course, if, upon the face of the Complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But if the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirements, will not justify remand. And though, as here, the Plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the jurisdictional amount, this does not deprive the district court of jurisdiction.
> Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.

*St. Paul*, 303 U.S. at 292-293.

In this case, federal jurisdiction was established on September 11, 2009, when Hartford Insurance Company of the Midwest filed its timely Notice of Removal. Although the dismissal of Count II of the Plaintiff's Complaint and the denial of Plaintiff's Motion for Leave to Amend Complaint reduce the amount of damages claimed by the Plaintiff to less than $75,000.00, these post-removal rulings do not divest this Court of jurisdiction. Accordingly it is,

ORDERED that the Plaintiff's, RITA STRUBEL, Motion for Reconsideration of Order On Motion for Leave to File Amended Complaint, or in the Alternative, Motion for Remand and Memorandum of Law be **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 26th of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.