UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA STRUBEL individual and as the )
Person Representative of the )
Estate of BERNARD STRUBEL, )
)
Plaintiffs, )
)
v. ) Case No.: 8:09-cv-01858-T-17-TBM
)
HARTFORD INSURANCE COMPANY )
OF THE MIDWEST )
)
Defendant. )
)

**ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFF AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF BERNARD STRUBEL**

This cause is before the Court on Defendant's, HARTFORD INSURANCE COMPANY OF THE MIDWEST, Motion for Partial Summary Judgment Dismissing Plaintiff as the Personal Representative of the Estate of Bernard Strubel (Doc. 67), filed on May 28, 2010, and Plaintiffs', RITA STRUBEL, Amended Response to Defendant's Motion For Partial Summary Judgment Dismissing Plaintiff as the Personal Representative of the Estate of Bernard Strubel and Memorandum of Law (Doc. 74), filed on June 10, 2010. After carefully considering the motions and applicable law, the Defendant's Motion is **DENIED** for the reasons set forth below.

1

## BACKGROUND AND PROCEDURAL HISTORY

On or about July 29, 2009, Rita Strubel, individually and as the Personal Representative of the Estate of Bernard Strubel served a complaint on Hartford Insurance Company of the Midwest, in state court, alleging Breach of Contract (Count I) and Declaratory Action (Count II). (Doc. 3). Count I included only cosmetic damages and Count II included subsurface as well as cosmetic damages. (Doc. 3). On September 11, 2009, this matter was removed to United States District Court for the Middle District of Florida. (Doc. 1).

This case involves a property insurance claim resulting from a confirmed sinkhole loss which occurred on or about May 1, 2008, at Plaintiff's insured property. (Doc. 3). At all times relevant here to, Ms. Strubel and her husband, Bernard Strubel, owned and resided at the insured property, and were both named insureds under a policy of homeowners insurance with Defendant. (Doc. 3).

On May 28, 2010, the Defendant filed their Motion for Partial Summary Judgment Dismissing Plaintiff as the Personal Representative of the Estate of Bernard Strubel. (Doc. 67). In defendant's motion, Hartford alleges that because there is no estate for Bernard Stubel, Ms. Stubel cannot bring suit as Bernard Stubel's Personal Representative. (Doc. 67).

On June 10, 2010, the Plaintiffs filed their Amended Response to Defendant's Motion for Partial Summary Judgment Dismissing Plaintiff as the Personal Representative of the Estate of Bernard Strubel and Memorandum of Law. (Doc. 74). In the Plaintiffs' response, Strubel alleges that she is the trustee of a living trust and not the personal representative of the Estate of Bernard Strubel. (Doc. 74). In addition, the Plaintiff alleges that summary judgment is not necessary to clarify the record or the pleadings with regard to this issue. (Doc. 74). The Plaintiff argues that

the record and pleadings can be clarified through correction of the case caption by interlineations to remove the designation of "Personal Representative" following Rita Strubel's name. (Doc. 74). As a named insured under the insurance policy at issue in this case, Ms. Strubel, is also suing the Defendant in her individual capacity. (Doc. 74). Further, the Plaintiffs argue that removal of the designation of "Personal Representative" will not affect Ms. Strubel's status as Plaintiff against Hartford in this action and is largely superfluous. (Doc. 74).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc.* 447 U.S. 317, 323-324 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). That burden can be discharged if the moving party can show the Court that there is "an absence of evidence to support the nonmoving party's case." *Id at 323, 325*. When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id. at 324.*

Issues of fact are "genuine" only if a reasonable jury, considering the evidence presented, could find for the nonmoving party. *Anderson*, 477 U.S. at 249. Material facts are those that will affect the outcome of the trial under governing law. *Id at 248; see also Hickson Corp. v. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving

party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983). If the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987).

## DISCUSSION

In its Motion, Hartford seeks entry of partial summary judgment dismissing Ms. Strubel as the Personal Representative of the Estate of Bernard Strubel. Although Ms. Strubel was never appointed as Bernard Strubel's Personal Representative, a summary judgment is unnecessary to resolve this issue. Rather, the record and the pleadings can be clarified through correction of the case caption by interlineation. This error is harmless and has caused no prejudice to the Defendant. The Plaintiff has offered to remedy the clerical error by interlineation. See *Marco's Franchising, LLC v. Marco's Italian Express, Inc.*, 239 F.R.D. 686 (M.D. Fla. 2007) (a clerical error can be remedied by interlineation).

The interests of justice and judicial economy will best be served by allowing this complaint to go forward thus sparing the tax payers a redundant filing of a new complaint by the "correct" plaintiff. Accordingly it is,

**ORDERED** that the Defendant's, HARTFORD INSURANCE COMPANY OF THE MIDWEST, Motion for Partial Summary Judgment Dismissing Plaintiff as the Personal Representative of the Estate of Bernard Strubel be **DENIED** as moot, since it is further ordered that the Clerk of the Court is **DIRECTED** to change the caption of the pleadings and motions to "Rita Strubel individual and the Estate of Bernard Strubel"

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 26th of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

5