UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA STRUBEL individual and )
Estate of BERNARD STRUBEL, )
 )
 Plaintiffs, )
 )
v. ) Case No.:   8:09-cv-01858-T-17-TBM
 )
HARTFORD INSURANCE COMPANY )
OF THE MIDWEST )
 )
 Defendant. )
 )

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES FOR SUBSURFACE REPAIRS

This cause is before the Court on Defendant's, HARTFORD INSURANCE COMPANY OF THE MIDWEST, Motion for Partial Summary Judgment on Damages for Subsurface Repairs (Doc. 68), filed on May 28, 2010, and Plaintiffs', RITA STRUBEL, Response and Objection to Defendant's Motion For Partial Summary Judgment on Damages For Subsurface Repairs and Memorandum of Law (Doc. 78), filed on June 11, 2010. After carefully considering the motions and applicable law, the Defendant's Motion is moot and, therefore, **DENIED** for the reasons set forth below.

### BACKGROUND AND PROCEDURAL HISTORY

On or about July 29, 2009, Rita Strubel, individually, and the Estate of Bernard Strubel served a complaint on Hartford Insurance Company of the Midwest, in state court, alleging Breach of Contract (Count I) and Declaratory Action (Count II). (Doc. 3). Count I included only

1

cosmetic damages and Count II included subsurface as well as cosmetic damages. (Doc. 3). On September 11, 2009, this matter was removed to United States District Court for the Middle District of Florida. (Doc. 1). In addition, on September 11, 2009, Hartford served a Motion to Dismiss Count II of Plaintiff's Complaint and Strubel objected. (Doc. 4,5).

On December 4, 2009, Strubel filed an Unopposed Motion for Extension of Time to Comply with Trial Deadlines, (Doc. 14), that was granted on December 7, 2009. (Doc. 17). The order granting the Motion for Extension of Time required that any amendments to the Complaint be filed within ten days of the Court's ruling on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. (Doc. 17).

On February 26, 2010, the Court entered an order granting the Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, thereby making the deadline to amend the Complaint March 8, 2010. (Doc. 47). On March 24, 2010, the Plaintiff filed a Motion for Leave to File Amended Complaint and Memorandum of Law, under Fed. R. Civ. P. 15. (Doc. 57). On June 18, 2010, the Court entered an order denying Plaintiff's Motion for Leave to File Amended Complaint, as Stubel failed to meet the deadline by sixteen (16) days, and did not address Fed. R. Civ. P. 16(b)'s good cause requirement. (Doc. 82).

On June 25, 2010, Plaintiff filed the Motion for Reconsideration of the Order on Motion for Leave to File Amended Complaint, or in the Alternative Remand to State Court. (Doc. 84). On July 26, 2010, the Court denied the Plaintffs' Motion for Reconsideration and, therefore, Count II of the complaint is still dismissed. (Doc. 93).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc.* 447 U.S. 317, 323-324 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-324 (1986). That burden can be discharged if the moving party can show the Court that there is "an absence of evidence to support the nonmoving party's case." *Id at 323, 325*. When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id. at 324*.

Issues of fact are "genuine" only if a reasonable jury, considering the evidence presented, could find for the nonmoving party. *Anderson,* 477 U.S. at 249. Material facts are those that will affect the outcome of the trial under governing law. *Id at 248; see also Hickson Corp. v. Crossarm Co.,* 357 F.3d 1256, 1259-60 (11th Cir. 2004). In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). If the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact. *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir. 1987).

Further, the definition of a moot question is "a question which has lost significance because of a change in the condition of affairs between the parties, whether before or after the commencement of the action." Ballentine's Law Dictionary (3d ed. 2010).

## DISCUSSION

The Defendant argues that under Fla. Stat. Section 627.707, Hartford does not have to pay for subsurface repairs until the insured enters into a contract for such repairs. In addition, the

3

Defendant alleges that because Stubel has not entered into a requisite contract for subsurface repairs, Hartford does not owe any money for subsurface repairs.

In the alternative, the Plaintiffs argue that Hartford's motion addresses a non-issue because, based on the current state of the pleadings, the issue of subsurface repairs is not part of Ms. Strubel's claim.

Count II has been dismissed from this case due to the Court's order granting the defendant's motion to dismiss Count II of the complaint. (Doc. 47). As Count II of the complaint has already been dismissed, the Motion for Partial Summary Judgment is moot. Accordingly it is,

**ORDERED** that the Defendant's, HARTFORD INSURANCE COMPANY OF THE MIDWEST, Motion for Partial Summary Judgment Dismissing Plaintiff as the Personal Representative of the Estate of Bernard Strubel be **DENIED** as moot.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 29th of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.